IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ESTA J. JONES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:16-04368 |
| ) | (Criminal No. 5:04-00056) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 57).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 58.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A    **Criminal Action No. 5:04-00056:**

On June 7, 2004, Movant pled guilty to one count of Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:04-00056, Document No. 24 - 25.) A Presentence Investigation Report was prepared. The District Court determined that Movant had a Base Offense Level of 30, and a Total Offense Level of 31, the Court having applied the following: An enhancement to an adjusted offense level of 34 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

status; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. The District Court sentenced Movant on March 17, 2005, to a 188 month term of imprisonment to be followed by a four year term of supervised release. (Id., Document Nos. 39 and 40.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

**B.    Section 3582 Motions:**

On February 6, 2008, Movant, acting *pro se*, filed Motions for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that she was entitled to a sentence reduction based upon an amendment in Sentencing Guidelines. (Id., Document No. 44.) By Order entered on March 4, 2008, the District Court appointed Movant counsel and directed the United States to file a Response. (Id., Document No. 46.) On March 6, 2008, the United States filed its Response in Opposition stating that Movant was "not eligible for a sentence reduction by the virtue of the fact she is a career offender." (Id., Document No. 54.) By Memorandum filed on March 14, 2008, Movant, by counsel, conceded that she was not eligible for a sentencing reduction because she was sentenced as a career offender. (Id., Document No. 48.) By Order filed on October 20, 2008, the District Court denied Movant's Section 3582(c)(2) Motions. (Id., Document No. 49.)

On September 14, 2011, Movant, acting *pro se*, filed her second Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that she was entitled to a sentence reduction based upon an amendment in Sentencing Guidelines. (Id., Document No. 51.) By Order entered on January 5, 2012, the District Court appointed Movant counsel and directed the United States to file a Response. (Id., Document No. 53.) On January 6, 2012, the United States filed its Memorandum in Response stating that Movant was sentenced as a career offender and she was not eligible for a sentence reduction. (Id., Document No. 54.) By Memorandum filed on January

13, 2012, Movant, by counsel, conceded that she was not eligible for a sentencing reduction because she was sentenced as a career offender. (Id., Document No. 55.) By Memorandum Opinion and Judgment Order filed on January 27, 2012, the District Court denied Movant's Section 3582(c)(2) Motions. (Id., Document No. 56.)

**C.     First Section 2255 Motion:**

On May 12, 2016, Movant filed her first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 5:16-04368, Document No. 57.) Citing Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), Movant challenges the validity of her sentence. (Id.) Specifically, Movant asserts that Johnson and Welch invalidated the "catch all" provisions for career offenders. (Id.) Movant, therefore, challenges the validity of her sentence. (Id.)

**D.     Revocation of Supervised Release:**

On November 30, 2017, was released from custody and began serving her four-year term of supervised release. (Criminal Action No. 5:04-00056, Document No. 61.) On October 4, 2018, a petition to revoke her supervised release was filed by United States Probation Officer Lilla Adkins and a warrant was issued for Movant's arrest. (Id.) On January 30, 2019, the District Court revoked Movant's supervised release and sentenced Movant to a 12-month term of imprisonment to be followed by a 36-month term of supervised release.[2] (Id., Document No. 75.)

---

[2] The undersigned finds that Movant's Section 2255 Motion is not rendered moot by the revocation of her supervised release and the imposition of a new sentence on the violation. *See Johnson v. United States*, 529 U.S. 694, 700, 120 S.Ct. 1795, 1800-01, 146 L.Ed.2d. 727 (2000)(The Supreme Court "attributed post-revocation penalties to the original conviction"); *United States v. Johnson*, 729 Fed.Appx. 229, 230 (4th Cir. March 30, 2018)("[W]e hold that

3

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings,

---

Johnson's release does not render this appeal moot as he remains on supervised release, and the district court may, in its discretion, alter any aspect of a defendant's otherwise statutory mandated sentence, including supervised release terms, should it find [Section 2255] relief warranted.")

Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that she is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to*

*another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that she was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that

6

presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant appears to argue that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

In the instant case, however, Movant's guideline range was not enhanced pursuant to the "residual clause" of U.S.S.G. § 4B1.2(a)(2). The record reveals that Movant's sentence was enhanced because (1) Movant was at least 18 years of age at the time of her underlying offense; (2) the count of conviction was a felony controlled substance offense; and (3) Movant had at least two prior felony controlled substance offenses. (See Presentence Report ¶¶ 31, 38, 40.) Movant's sentence, therefore, was not enhanced based upon the "residual clause" of Section 4B1.2(a)(2).

Moreover, Movant's argument is without merit even assuming Movant was sentenced under the "residual clause" of Section 4B1.2(a). The issue concerning whether Johnson applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Accordingly, Movant's

argument that the holding of Johnson extends to her sentence as a career offender under the Guidelines is without merit. Beckles clearly forecloses Movant's argument. Additionally, Movant fails to present any other basis for finding that her predicate offenses do not satisfy the criteria for career offender status that could be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 57) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: March 6, 2019.

Omar J. Aboulhosn
United States Magistrate Judge